UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHARLES SIMON,

                Plaintiff,                            **MEMORANDUM AND ORDER**
                                                                        12-CV-5416 (ENV)

  -against-

United States of America, JOHN DOE 2nd
Circuit U.S. Appeals, Rule 35 FRAP En Banc
Opinion #11-5185, ERIC HOLDER, United
States Attorney General, United States
Department of Justice, 2 JOHN DOES,
Solicitor General, PAUL M. LAIRD, Chief
Operating Officer disguised as Assistant
Director Industries,

                Defendants.
-------------------------------------------------------------x

VITALIANO, United States District Judge:

      On October 25, 2012, *pro se* plaintiff Charles Simon[1] filed the instant complaint along with a proposed order to show cause for the United States Court of Appeals for the Second Circuit and Attorney General Eric Holder. Although plaintiff initially requested to proceed *in forma pauperis,* on November 1, 2012, he paid the statutory filing fee to commence this action. As set forth below, the complaint is dismissed.

## Background

      The complaint, while not a model of clarity, appears to seek review of "the administrative

---

[1] Plaintiff also indicates that he brings this case on behalf of a "protected class." To the extent plaintiff seeks to file a class action, he cannot do so as a *pro se* litigant. See Rodriguez v. Eastman Kodak Co., 88 F. App'x 470 (2d Cir. 2004) ("it is well established that 'a *pro se* class representative cannot adequately represent the interest of other class members.'"). Similarly, to the extent plaintiff invokes Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, (see, e.g., Compl. at ¶ 8(b)), he wrongly does so. Nowhere does he suggest that he is a member of a protected class, nor does he allege that he was employed by defendants at any point in time.

decision of the Defendants, Bureau of Prisons ... to ascertain its compliance with procedural due process requirements," (Compl. at ¶ 8), apparently related to plaintiff's prior inmate accident compensation award.[2]

Plaintiff has attempted to file similar actions in this Court, see Simon v. Doe, No. 09-CV-4541 (ENV) (dismissing plaintiff's *in forma pauperis* action); Simon v. Bickell, No. 09-CV-4350 (ENV) (transferring plaintiff's fee paid complaint to the District of Columbia); Simon v. Fed. Prison Indus., Inc., No. 08-CV-4376 (ENV) (same), and in other federal courts, see Simon v. Fed. Prison Indus., Inc., 238 F. App'x 623 (D.C. Cir. 2007); Simon v. Robinson, 219 F. App'x 137, 138 (3d Cir. 2007) (affirming the District of New Jersey's filing injunction); Simon v. Robinson, 196 F. App'x 54 (3d Cir. 2006); Simon v. Fed. Prison Indus., Inc., 91 F. App'x 161 (1st Cir. 2004); Simon v. Fed. Prison Indus., Inc., 159 F.3d 637 (D.C. Cir. 1998) (table); Simon v. Fed. Prison Indus., Inc., No. 97-5216, 1997 WL 811741 (D.C. Cir. Dec. 23, 1997); Simon v. Fed. Prison Indus., Inc., No. No. 09-0692, 2009 WL 2618349 (D.D.C. Aug. 24, 2009); Simon v. Fed. Prison Indus., Inc., No. 07-0292 (D.D.C. Feb. 8, 2007). As set forth above and as indicated by plaintiff's attached exhibit, he has repeatedly attempted to challenge, without success, his inmate accident compensation award before the United States appellate courts. (See Compl., Exhibit A.)

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when

---

[2] The complaint references several statutes, 5 U.S.C. § 1211, 42 U.S.C. §§ 2000e *et seq.*, and 29 U.S.C. § 201 *et seq.* as well as U.S. Const. Amend. I, V, and VIII, but fails to allege even a single fact supporting related claims. Therefore, the Court dismisses such claims, to the extent they are brought.

2

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) *(per curiam)*; see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

In addition, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not necessary when it would be futile. See id. Moreover, federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) and if the Court determines that the action is frivolous, the Court may dismiss the complaint *sua sponte* even if the plaintiff has paid the filing fee. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) *(per curiam)*.

## Discussion

Plaintiff appears to bring this action in order to override decisions entered by various courts, including the United States Court of Appeals, as it relates to his inmate accident compensation award claim. (See Compl. at 5-8.) The complaint is dismissed as this Court lacks jurisdiction to review the decisions of the federal appellate courts. Fed. R. Civ. P. 12(h)(3).

To the extent plaintiff seeks to file a claim under the Administrative Procedure Act, he has

3

already twice-filed such a challenge, and lost, in the United States Court of Appeals for the District of Columbia, (see Compl., Exhibit A), and more recently before the United States District Court for the District of Columbia, see Simon v. Bickell, et al., No. 09-01983 (HHK), slip op. (D.D.C. Sept. 14, 2010).

Therefore, any challenge to his inmate accident compensation award is barred by the doctrine of *res judicata*. The doctrine of *res judicata* "bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007) (internal citations and quotation marks omitted); see also Hameed v. Aldana, 296 F. App'x 154 (2d Cir. 2008) (affirming dismissing of *pro se* complaint on *res judicata* grounds).

Assuming *arguendo* that the Court had jurisdiction over this complaint and that the doctrine of *res judicata* did not bar this complaint, it is clear that most of the defendants are entitled to judicial and or sovereign immunity. Mireles v. Waco, 502 U.S. 9, 11 (1991) (*per curiam*) (judicial immunity); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (same); United States v. Mitchell, 445 U.S. 535, 538 (1980) ("'The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'") (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005). The shield of sovereign immunity protects not only the United States but also federal agencies and officers when acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475 (1994).

Finally and inexplicably, plaintiff seeks the intervention of Justice Ruth Bader Ginsburg of the United States Supreme Court, (see Compl. at 8(b), 9), but files his civil action here in the trial

4

court. It is unclear why plaintiff commenced this complaint here since he does not reside within any of the counties covered by the Eastern District of New York and he does not allege that a substantial part of the events giving rise to the complaint occurred within this district. The Court surmises that plaintiff has filed this action here expecting it to be transferred to the District of Columbia.

Plaintiff is again warned that the continued filing of complaints relating to his inmate accident compensation award in this Court, whether fee-paid or not, shall result in an order barring plaintiff from filing such claims here without first obtaining the Court's permission. See Simon v. Doe, No. 09-CV-4541 (ENV), slip op. at 3 (E.D.N.Y. Nov. 17, 2009) (warning plaintiff that he may be barred from filing such claims without first obtaining the Court's permission); see also Simon v. Robinson, 219 F. App'x 137, 138 (3d Cir. 2007) (affirming the District of New Jersey's filing injunction); Simon v. Federal Prison Industries, Inc., 08 Civ. 65 (KMW), slip op. (S.D.N.Y. Jan. 4, 2008) (directing plaintiff to show cause why he should not be barred from filing any new *in forma pauperis* action without obtaining the Court's permission to file). Plaintiff is also warned that filing frivolous motions or abusing the Court's resources by seeking expedited relief by order to show cause or by seeking review of decisions entered by the federal appellate courts shall not be tolerated.

## Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h), and as frivolous. Plaintiff's request to proceed *in forma pauperis* is considered withdrawn as he has paid the filing fee to commence this action. Liberally construing plaintiff's proposed "order to show cause for preliminary injunction" as filed for this Court, it is denied. Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of

any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       November 7, 2012

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge