UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CHARLES SIMON,

                Plaintiff,

-against-

United States of America, et al.,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-5416 (ENV)

VITALIANO, United States District Judge:

      On October 25, 2012, *pro se* plaintiff Charles Simon filed the instant complaint along with a proposed order to show cause for the United States Court of Appeals for the Second Circuit and Attorney General Eric Holder. By Memorandum and Order dated November 7, 2012, the Court dismissed this action and judgment was entered on November 13, 2012. The Court also outlined plaintiff's litigation history in the federal courts and warned plaintiff against filing frivolous litigation and motions.

      To the extent the Court can discern the basis for plaintiff's recent submissions, he moves to "invoke Supreme Court Rule 22.1" requesting that the case be transferred to "Judge Ruth Ginsburg." See Pl. Motions, Dkt. Entries 8-10. In fact, two of plaintiff's submissions are titled for the Supreme Court of the United States. To that end, this Court has no jurisdiction to rule on motions intended for another court.

      Moreover, even liberally construing plaintiff's papers as a motion to amend or alter a judgment pursuant to Rule 59(e), the Court must deny it. A motion for reconsideration of a Court's judgment is permitted under Rule 59(e) if the motion to alter or amend the judgment is filed within 28 days after entry of judgment. Generally, motions for reconsideration are not granted "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v.



CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, . . . , or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

Here, plaintiff makes no allegations that would require this Court to reconsider its decision dismissing the complaint. Instead, he merely seeks to have this case transferred to the Supreme Court of the United States, specifically for Justice Ruth Bader Ginsburg's review.

Plaintiff is again warned that the continued filing of complaints relating to his inmate accident compensation award in this Court – the subject of the instant action and his prior actions – shall result in an order barring plaintiff from filing such claims here without first obtaining the Court's permission. See Simon v. Doe, No. 09-CV-4541 (ENV), slip op. at 3 (E.D.N.Y. Nov. 17, 2009) (warning plaintiff that he may be barred from filing such claims without first obtaining the Court's permission); see also Simon v. Robinson, 219 F. App'x 137, 138 (3d Cir. 2007) (affirming the District of New Jersey's filing injunction); Simon v. Federal Prison Industries, Inc., 08 Civ. 65 (KMW), slip op. (S.D.N.Y. Jan. 4, 2008) (directing plaintiff to show cause why he should not be barred from filing any new *in forma pauperis* action without obtaining the Court's permission to file). Plaintiff is again warned that filing frivolous motions or abusing the Court's resources by seeking expedited relief by order to show cause or by seeking review of decisions entered by the federal appellate courts shall not be tolerated.

## Conclusion

Accordingly, plaintiff's Supreme Court Rule 22.1 motions are denied. See Dkt. Entries 8-10. Alternatively, plaintiff's motions, liberally construed as seeking reconsideration of the Court's order

dismissing this complaint, are denied. Id. Because plaintiff's motions were construed as Rule 59 motions, plaintiff's time to file a notice of appeal runs from the time the Court disposes of these motions, not the date judgment was entered. Fed. R. App. P. 4(a)(4)(A)(v).

Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed not to file any motion or submission that is titled for another court.

SO ORDERED.

Dated: Brooklyn, New York
December 8, 2012

ERIC N. VITALIANO
United States District Judge

3