UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHARLES SIMON,

                 Plaintiff,

-against-

United States of America, et al.,

                 Defendants.
-----------------------------------------------------------X

MEMORANDUM AND ORDER
12-CV-5416 (ENV)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT
★ JAN 17 2013
BROOKLYN OFFICE

VITALIANO, United States District Judge:

On October 25, 2012, *pro se* plaintiff Charles Simon filed the instant complaint along with a proposed order to show cause to be served upon the United States Court of Appeals for the Second Circuit and Attorney General Eric Holder. By Memorandum and Order, dated November 7, 2012, the Court dismissed this action and judgment was entered on November 13, 2012. The Court also outlined plaintiff's litigation history in the federal courts and warned plaintiff against further frivolous litigation. On November 13, 2012, plaintiff moved to "invoke Supreme Court Rule 22.1" requesting that the case be transferred to "Judge Ruth Ginsburg." See Pl. Motions, Dkt. Entries 8-10, which the Court liberally construed as a motion pursuant to Rule 59(e) of the Federal Rule of Civil Procedure. By an order, dated December 8, 2012, the Court denied the motion and warned plaintiff again against frivolous litigation through new or is currently pending cases. Now plaintiff files two motions under Fed. R. Civ. P. 60(b) for reconsideration based on a void judgment and mistake. Dkt. Entries 12-13.

## Discussion

"The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling



decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (stating that Rule 60(b) motions request "extraordinary judicial relief" and are generally granted only in "exceptional circumstances"). Here, plaintiff has not shown that he is entitled to Rule 60(b) relief. Furthermore, plaintiff is again warned that the continued filing of frivolous motions or new actions shall not be tolerated. See Simon v. Doe, No. 09-CV-4541 (ENV), slip op. at 3 (E.D.N.Y. Nov. 17, 2009) (warning plaintiff that he may be barred from filing such claims without first obtaining the Court's permission); see also Simon v. Robinson, 219 F. App'x 137, 138 (3d Cir. 2007) (affirming the District of New Jersey's filing injunction); Simon v. Federal Prison Industries, Inc., 08 Civ. 65 (KMW), slip op. (S.D.N.Y. Jan. 4, 2008) (directing plaintiff to show cause why he should not be barred from filing any new *in forma pauperis* action without obtaining the Court's permission to file).

The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a). Plaintiff is hereby warned that if he continues this conduct he may be subject to a filing injunction and/or the imposition of monetary sanctions upon notice and opportunity to be heard.

## Conclusion

Accordingly, plaintiff's motions pursuant to Fed. R. Civ. P. 60(b) are denied. See Dkt. Entries 12-13. Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
January 7, 2013

ERIC N. VITALIANO
United States District Judge