UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHARLES SIMON,

                Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

                Defendants.
-----------------------------------------------------------x

MEMORANDUM AND ORDER
12-CV-5416 (ENV)

VITALIANO, United States District Judge:

On October 25, 2012, *pro se* plaintiff Charles Simon filed the instant complaint along with a proposed order to show cause for the United States Court of Appeals for the Second Circuit and Attorney General Eric Holder. By Memorandum and Order dated November 7, 2012, the Court dismissed this action, and judgment was entered on November 13, 2012. The Court also outlined plaintiff's litigation history in the federal courts and warned plaintiff against filing frivolous litigation and motions. On November 13, 2012, plaintiff moved to "invoke Supreme Court Rule 22.1" requesting that the case be transferred to "Judge Ruth Ginsburg." See Pl. Motions, Dkt. Entries 8-10, which the Court both liberally construed as a motion pursuant to Rule 59(e) of the Federal Rule of Civil Procedure and ruled upon it in its literal form. By Order dated December 8, 2012, the Court denied the motion and again warned plaintiff against filing frivolous litigation and motions. Thereafter, plaintiff filed two motions under Fed. R. Civ. P. 60(b) for reconsideration based on a void judgment and mistake, Dkt. Entries 12-13. By Order dated January 7, 2013, the Court denied both motions and, for the third time, warned plaintiff against filing frivolous litigation and motions.

Undeterred, plaintiff now files the instant motion titled "Motion for Recusal Under 28 U.S.C. Sec. 455(a) Pursuant Settlement [DE#12-DE#13] Upon Void Order Rule 60(b)(4) FRCP." Dkt. Entry 15. Plaintiff seeks this Court's recusal for alleged bias and "deep-seated favoritism" for failing to rule in plaintiff's favor.[1] Pl. Motion, Dkt. Entry 15 at 2.

## Discussion

Federal judges must recuse themselves from cases in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Adverse "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. Plaintiff's claim of "bias" is based solely on the Court's prior rulings in this case and in plaintiff's prior cases. Plaintiff's brief fails to highlight any particular language at all, much less language suggesting even an iota of "deep-seated favoritism or antagonism." Therefore, there is no basis for recusal and plaintiff's motion, filed after the case was dismissed, is denied. If dissatisfied with the Court's dismissal of his claims, appeal is the ultimate remedy.

---

[1] Plaintiff also seeks $150 million in damages against the Court personally, however, this demand is without any basis as the Court is not named as a party in this action and would be immune to suit for its official actions.

## Filing Injunction

The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a).

Plaintiff has been repeatedly warned in this Court that the continued filing of frivolous motions or new actions shall not be tolerated. See Simon v. USA, No. 12-CV-5416 (ENV); Simon v. Doe, No. 09-CV-4541 (ENV), slip op. at 3 (E.D.N.Y. Nov. 17, 2009) (warning plaintiff that he may be barred from filing such claims without first obtaining the Court's permission). Plaintiff has also been enjoined from filing in other federal courts. See also Simon v. Robinson, 219 F. App'x 137, 138 (3d Cir. 2007) (affirming the District of New Jersey's filing injunction); Simon v. Federal Prison Industries, Inc., No. 08 Civ. 65 (KMW), slip op. (S.D.N.Y. Jan. 4, 2008).

Plaintiff has failed to heed this Court's numerous warnings against filing frivolous litigation and motions and the Court has expended judicial resources in addressing plaintiff's frivolous submissions. Therefore, plaintiff is directed to show cause why the Court should not impose a filing injunction barring plaintiff from

filing any new civil action arising from or related to his inmate accident compensation award, without first obtaining leave of court. Plaintiff shall file an affirmation in response to this Order within 30 days from the entry of this Order. If plaintiff fails to file an affirmation or otherwise respond to this Order within the time allowed, an order enjoining plaintiff from filing any new action in this Court as set forth above shall enter.

## Conclusion

Accordingly, plaintiff's motion for recusal is denied. See Dkt. Entry 15. The Court further directs plaintiff to show cause why he should not be enjoined from filing any new civil action within 30 days as set forth above. Furthermore, the Clerk of Court shall not file any further submissions under this docket number other than a response to this Order or a notice of appeal from this Order or applications related to such filings. Any other submissions under this docket number shall be returned to plaintiff without filing. Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 12, 2013

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

4