UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHARLES SIMON,

                Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

                Defendants.
------------------------------------------------------------x

MEMORANDUM
AND ORDER

12-CV-5416 (ENV)

VITALIANO, United States District Judge:

By order dated February 12, 2013, the Court denied plaintiff's fourth motion in this closed case. After issuing several warnings in prior orders, the Court also directed plaintiff to show cause why he should not be enjoined from filing any new action arising from or related to his inmate accident compensation award without first obtaining leave of Court. See Dkt. Entry #16, Order dated February 12, 2013, slip op. (setting forth plaintiff's litigation history); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a). On March 4, 2013, plaintiff filed a response titled "Motion Invoke Subpoena Before Congress to Repeal 18 U.S.C. 4126 Upon the Summons & the Judge's Bias Orders Require Recusal 28 U.S.C. Section 455(a) & Independent Counsel Prosecution 28 U.S.C. Section 591 and Response to Court's Memorandum and Order Entered February 12, 2013." Dkt. Entry #17. This filing includes correspondence on his behalf by a Member of Congress, an eight-page document addressed to the Congress of the United States, United States House of Representatives, and an eleven-page document from the United States Department of Justice on Inmate

Accident Compensation Procedures. Dkt. Entry #17, pp. 4-24.

Nothing in the motion or attached submissions, even when liberally construed, addresses why plaintiff should not be barred from filing any new action in this Court without first obtaining permission to file as set forth above.

Furthermore, to the extent plaintiff again seeks the Court's recusal, such motion is again denied as set forth in the Court's prior order dated February 12, 2013.

## Conclusion

Accordingly, it is ordered that:

(1) Charles Simon is enjoined from filing any new action in this Court (whether fee paid or *in forma pauperis*) arising from or related to his inmate accident compensation award without first obtaining leave of Court; and

(2) the Clerk of Court is directed to return to Charles Simon, without filing, any further motions under this docket number; and

(3) the Clerk of Court is directed to return to Charles Simon, without filing, any new action arising from or related to his inmate accident compensation award if it is received without a separate application seeking leave to file; and

(4) if Charles Simon seeks leave to file and the Court finds that the new action is not subject to this filing injunction, the Court shall grant Charles Simon leave to file the new action, and the civil action shall be filed and assigned a civil docket number; and

(5) if leave to file is denied, Charles Simon's submission shall be filed on the Court's miscellaneous docket and a summary order denying leave to file shall be entered; no further action will be taken. 28 U.S.C. § 1651.

Plaintiff is warned that the continued submission of frivolous motions and civil actions may result in the imposition of additional sanctions, including monetary penalties, upon notice and opportunity to be heard. 28 U.S.C. § 1651. See, e.g., Malley v. Corp. Counsel of the City of New York, 9 F.App'x 58, 59 (2d Cir. 2001) (affirming imposition of $1500 sanction on *pro se* litigant). Nothing herein shall be construed to prohibit plaintiff from filing an appeal of this Memorandum and Order. However, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that although plaintiff paid the filing fee to commence this action, any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ ENV

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
March 14, 2013